United States District Court
Southern District of Texas
**ENTERED**
April 20, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RODERICK A. BROOKS, | § | |
| TDCJ #01845475, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-15-502 |
| | § | |
| C. EDWARDS, *et al*, | § | |
| | § | |
| Defendants. | | |

## MEMORANDUM AND ORDER

Plaintiff Roderick A. Brooks ("Plaintiff"), currently confined in the Jester III Unit of the Texas Department of Criminal Justice - Correctional Institutions Division, has filed this *pro se* complaint alleging a violation of his civil rights under 42 U.S.C. § 1983. (Docket Entry No. 1). Pursuant to a court order, Plaintiff submitted a more definite statement alleging that he was given medicine to which he is allergic and that officials at the Harris County Hospital District did not contact his emergency contact in a timely fashion when he had a reaction to the medication. (Docket Entry No. 7). The Court will dismiss plaintiff's complaint because it is legally frivolous and fails to state a claim under 28 U.S.C. § 1915A.

## I.    Background

Plaintiff alleges that on March 3, 2013, Defendant C. Edwards, a pharmacy technician at the Harris County Jail, gave him medication to which he was allergic and which caused his hands and feet to swell. Plaintiff alleges that his hands and arms had to be cut to relieve the pressure from the allergic reaction and that he suffered nerve damage as a result of the swelling. Docket Entry No. 7 at 2.

Plaintiff also complains that Harris County Sheriff Adrian Garcia allegedly failed to

inform his officers to follow protocol to get in touch with Plaintiff's emergency contact. Docket Entry No. 1 at 4. When Plaintiff's emergency contact came to see him, they allegedly were given different accounts of his location and what had occurred. *Id.* For relief, Plaintiff requests damages in the amount of $1 million and punitive damages of $566,000. *Id.*

## II.   Discussion

Plaintiff's complaint is governed by the Prison Litigation Reform Act ("PLRA"). The PLRA requires that the district court review a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). On review, a court must identify cognizable claims or dismiss the complaint or any portion thereof, if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard than those drafted by an attorney and is entitled to a liberal construction that includes all reasonable inferences which can be drawn from it. *Haines v. Kerner,* 404 U.S. 519 (1972); *Alexander v. Ware,* 714 F.2d 416, 419 (5th Cir.1983).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams,* 490 U.S. 319, 325 (1989); *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir.1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." *Harris v. Hegmann,* 198 F.3d 153, 156 (5th Cir.1999) (citing *Harper v. Showers,* 174 F.3d 716, 718 (5th Cir.1999) (quoting *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir.1998)). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC,* 301 F.3d 227,

231 (5th Cir. 2002). Under that standard, courts must assume that plaintiff's factual allegations are true, and a dismissal is proper only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations. *Id.* (citations omitted).

The Eighth Amendment's prohibition against cruel and unusual punishment forbids deliberate indifference to the serious medical needs of prisoners. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). The plaintiff must prove that he was exposed to a substantial risk of serious harm that is objectively "sufficiently serious." *Farmer v. Brennan,* 511 U.S. 825, 834 (1994) (citation omitted). The plaintiff must also show that prison officials acted or failed to act with deliberate indifference to that risk. *Id.* The deliberate indifference standard is a subjective inquiry; the plaintiff must establish that the prison officials were actually aware of the risk, yet consciously disregarded it. *Id.* at 837, 839; *Lawson v. Dallas County,* 286 F.3d 257, 262 (5th Cir. 2002).

An inmate's dissatisfaction or disagreement with the medical treatment he received, or that the treatment was negligent or the result of medical malpractice, does not in itself state a claim for deliberate indifference in violation of the Eighth Amendment. *See, e.g., Wilson v. Seiter,* 501 U.S. 294, 297 (1991) (assertions of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim for deliberate indifference); *Norton v. Dimazana,* 122 F.3d 286, 291-92 (5th Cir.1997) (holding an inmate's dissatisfaction with the medical treatment he received does not mean that he suffered deliberate indifference); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir.1991) (holding inmate's "disagreement with his medical treatment" was insufficient to show Eighth Amendment violation); *Fielder v. Bosshard,* 590 F.2d 105, 107 (5th Cir. 1979) (finding "[m]ere negligence, neglect, or medical malpractice is insufficient" to show Eighth Amendment violation); *Wagner v. Bay City,* 227 F.3d 316, 324 (5th Cir. 2000) ("the subjective intent to cause harm cannot be inferred from a . . . failure to act

reasonably"). "The legal conclusion of 'deliberate indifference,' therefore, must rest on facts clearly evincing 'wanton' actions on the part of the defendants." *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir.1985).

Plaintiff complains that defendants gave him medication to which he was allergic and that they failed to contact his emergency contract person in a timely manner, and then defendants allegedly "gave them the run around" about what had happened to him. In his more definite statement, Plaintiff discloses that he was first diagnosed with his medical condition on March 3, 2013 at Ben Taub Hospital, the same day as he allegedly was given the medication to which he had an allergy. Docket Entry No. 7 at Interrogatories 5, 6, 7. Plaintiff does not complain about a denial of medical care or inadequate medical care. *Id.* at Interrogatory 10. He discloses that he received skin drafts and therapy and that he received several medications to treat his condition. *Id.* at Interrogatories 12, 13. He states that he was hospitalized for 17 days in Ben Taub Hospital where he was treated for the allergic reaction until he was in stable condition to return to prison. *Id.* at Interrogatory 14. He also reports that he had numerous check-ups with medical doctors over several weeks following his hospitalization. *Id.* at Interrogatory 19.

Taking all of Plaintiff's allegations as true and construing his pleadings liberally in his favor, Plaintiff does not plead facts to indicate that defendants acted with deliberate indifference to his medical needs or that they were subjectively aware of a risk of serious harm and consciously disregarded that risk. At most, Plaintiff has stated a claim of negligence, malpractice, or disagreement with treatment, which are insufficient to support a finding of deliberate indifference under the Eighth Amendment. *See Varnado,* 920 F.2d at 321; *see also Nunley v. Mills*, 217 F. App'x 322, 324 (5th Cir. 2007) (holding that being prescribed the wrong medication did "not support a finding of deliberate indifference under the Eighth Amendment").

There is no indication in his original complaint or his more definite statement that the medical personnel at the Harris County Jail even had any knowledge of his allergy and therefore there is no indication that they acted with deliberate indifference to his serious medical needs.

Additionally, Plaintiff pleads no facts to show that any other defendant, like Sheriff Garcia, had the requisite personal involvement in this case. *See Murphy v. Kellar*, 950 F.2d 290, 292 (5th Cir. 1992). Nor does Plaintiff allege facts to show how not informing his emergency contact in a timely manner violated his *constitutional* rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law") (citations omitted). Accordingly, the Court will dismiss Plaintiff's claim as frivolous and for failure to state a claim for which relief may be granted.

## III. Order

Based on the foregoing, the Court **ORDERS** that plaintiff's civil rights complaint is **DISMISSED WITH PREJUDICE** as legally frivolous and for failure to state a claim under 28 U.S.C. § 1915A(b).

**This dismissal constitutes a "strike" for purposes of 28 U.S.C. § 1915(g). The Clerk of Court shall send a copy of this dismissal to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.**

The Clerk of Court will provide a copy of this Order to all the parties of record.

SIGNED at Houston, Texas, this 19th day of April, 2016.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE